BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA VALLIERE (DCBN 439353)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    (415) 436-7478; john.hemann@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. CR 16-0172 JD |
| Plaintiff, | ) STIPULATION AND |
| v. | ) [PROPOSED] PROTECTIVE ORDER |
| JING ZENG, | ) |
| Defendant. | ) |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States and the defendant, through their respective undersigned counsel, hereby stipulate and agree that the Court should enter this proposed Protective Order requiring that the following restrictions shall apply to the discovery that the United States produces and designates as "Protected Material," which is estimated by the government to be fewer than 50 documents:

    1.    The Information in this case charges defendant with violations of 18 U.S.C. § 1030, arising from defendant's employment at Machine Zone, Inc. Certain of the discovery contains information that the company believes is confidential and proprietary.

    2.    Based on the sensitive nature of such information, the United States may designate certain materials as Protected Material (e.g., Bates-stamped "PROTECTED MATERIAL") and in lieu

of making such Protected Material only available for inspection, produce the Protected Material to defense counsel under the terms of this Stipulation and Protective Order.

3. The following individuals (the "Defense Team") may access and examine the Protected Material under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

    a. counsel for the defendant;

    b. persons employed by defense counsel who are assisting with the preparation of the defense;

    c. any expert retained on behalf of the defendant to assist in the defense of this matter;

    d. any investigator retained on behalf of the defendant to assist in the defense of this matter; and

    e. the defendant.

Counsel for the defendant shall advise the individuals on the Defense Team of the requirements and the restrictions in this Stipulation and Protective Order, as well as the Court's entry of the Protective Order.

4. The Defense Team (a) shall maintain the Protected Material in a secure location (e.g., locked drawer, cabinet, or safe) or secure electronic device (e.g., password-protected computer, memory stick), (b) shall maintain a copy of this Stipulation and Protective Order with the Protected Material at all times, and (c) shall not share or give copies to other persons.

5. The Defense Team may supervise other persons in examining the Protected Material only if all of the following conditions are met: (a) the Defense Team maintains custody of the Protected Material at all times; (b) the Defense Team is present during the review; and (c) the review is for the sole purpose of preparing the defense and for no other purpose. The Defense Team shall not allow other persons to take or maintain in their possession any Protected Material or copies thereof.

6. The United States will produce one copy of the Protected Material to the Defense Team. The Defense Team may make copies of the Protected Material, but must maintain such copies in accordance with Paragraph 4 above. The Defense Team shall not publicly offer, file, or lodge any Protected Material unless (a) the United States provides written concurrence, (b) pursuant to further Court order, or (c) it is done under seal.

7. Any willful violation of this Stipulation and Protective Order shall constitute a criminal contempt of Court for which sanctions are provided by law.

8. This Stipulation and Protective Order shall remain in effect until the Defense Team returns the Protected Material (and any copies) to the United States. The Defense Team shall return the Protected Material (and any copies) to the United States within 30 days of the entry of judgment on all charges, unless a direct appeal is filed, in which case the Defense Team shall complete the return to the United States within 30 days of the date when the direct appeal is finally determined.

9. The parties shall meet and confer regarding any amendments to or any disputes arising under this Stipulation and Protective Order. The parties in this case have negotiated this Stipulation and Protective Order, which does not constitute a concession or waiver by either party regarding discovery procedures generally in this case or in any other or future case.

IT IS SO STIPULATED.

FOLEY & LARDNER

/s/

DATED: March 31, 2017

THOMAS CARLUCCI
Counsel for Defendant

BRIAN J. STRETCH
United States Attorney

/s/

DATED: March 31, 2017

JOHN H. HEMANN
Assistant United States Attorney

STIPULATION RE PROTECTIVE ORDER           3
CR 16-0172 JD

## [PROPOSED] PROTECTIVE ORDER

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted pursuant to the stipulation of the parties.

Dated: April 5, 2017

_____
HON. JAMES DONATO
United States District Judge